UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RONALD F. LUPO.** <br>     **FED. REG. #31343-039** <br> **VS.** | **CIVIL ACTION NO. 2:10-cv-148** <br><br> **SECTION P** <br><br> **JUDGE MINALDI** |
| **JOSEPH P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Petitioner Ronald F. Lupo, formerly an inmate confined at the Federal Correctional Institute in Oakdale (FCI-O), Louisiana, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

Following a trial petitioner was convicted of conspiracy to violate the racketeer influenced and corrupt organizations act (RICO), conspiracy to affect commerce under color of official right, and specific acts of interfering with commerce by extortion and aiding and abetting. On January 31, 2005, Petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a period of 80 months imprisonment, three (3) years of supervised release, and $300,000 of restitution.

In this habeas action petitioner claims the Federal Bureau of Prisons' ("BOP's") refusal to authorize his placement in a Residential Re-Entry Center ("RRC") to serve the remaining twelve months of his imprisonment, was in violation of the law.  (Doc. 1).   As relief, Mr. Lupo seeks to be released from the respondent's custody and placed into RRC placement.

### *Law and Analysis*

Information on the BOP's website confirms that petitioner was released from BOP custody on February 18, 2011.  *See* Federal Bureau of Prisons Home Page, http://www.bop.gov.

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. Feb.22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)).  The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278.  A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. Oct.6, 2005) (citation omitted).

The focus of the current petition was for petitioner to be released from confinement and placed into a RRC for the final twelve months of his confinement.  Because petitioner was released this court can no longer provide him with that relief.

### *Conclusion and Recommendation*

Petitioner's main objective in bringing this habeas action was pre-release transfer to an RCC. Since petitioner was released from incarceration, there is no longer a case or controversy to litigate. Therefore his habeas claims are moot.  Accordingly it is respectfully

**RECOMMENDED**: That petitioner's habeas claims be **DISMISSED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 24th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE